UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-00548 DMG (ANx)** | Date | November 28, 2011 |
|---|---|---|---|

| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 1 of 9 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: ORDER RE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

## I.
## INTRODUCTION

This matter is before the Court on Plaintiff's motion for class certification, filed on October 10, 2011 [Doc. # 52].[1] The Court held a hearing on November 14, 2011. On November 18, 2011, Defendant filed a sur-reply addressing Plaintiff's request—first made in Plaintiff's reply—to expand the class definition to include persons residing nationwide rather than just those living in California [Doc. # 61]. Having duly considered the respective positions of the parties, as presented in their briefs and at oral argument, the Court now renders its decision. For the reasons set forth below, Plaintiff's motion is DENIED.

## II.
## FACTUAL BACKGROUND

Plaintiff is a California resident who incurred a debt using an American Express credit card. (Mot., Martignetti Decl. ¶¶ 1-2.) Defendant is a California attorney who was retained by American Express to do debt collection work. (Opp'n [Doc. # 57], Bachman Decl. ¶ 2.) On January 27, 2009, Defendant sent Plaintiff a letter concerning an outstanding debt on Plaintiff's American Express credit card. (Compl. [Doc. # 1], Ex. A; Bachman Decl. ¶ 3.) The letter stated in part that, "[u]nless you dispute the validity of the debt, or any portion thereof, within ten (10) days from your receipt of this letter, the debt will be assumed to be valid by us." (Compl., Ex. A (emphasis omitted).) Plaintiff claims that this language violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Defendant sent 28 more letters—identical to Plaintiff's letter with the exception of the names, addresses, and amounts claimed to be delinquent—to other California residents. (Mot.,

---

[1] Plaintiff originally filed the motion on October 10, 2011 [Doc. # 50] and filed a corrected version containing non-substantive changes on October 11, 2011 [Doc. # 52]. All citations are to the corrected version.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-00548 DMG (ANx)** | Date | November 28, 2011 |
| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 2 of 9 |

Ex. A, ("Bachman Depo.") at 34:14-18; Bachman Decl. ¶ 6.)  He also sent 14 letters to Nevada residents, and one to a Texas resident.  (Bachman Depo. at 37:11-18.)  Of the 29 letters sent to California residents, two were duplicates of letters that had already been sent to two separate persons.  In addition, one person settled his claims with Defendant and released his rights to any legal action.  (Bachman Decl. ¶¶ 6, 10, Ex. B.)  Thus, Defendant sent letters that allegedly violated the FDCPA to a total of 26 potential class members in California and 15 in other states.

### III.
### LEGAL STANDARD

A district court may certify a class only if the following prerequisites are met:

(1)   the class is so numerous that joinder of all members is impracticable;

(2)   there are questions of law or fact common to the class;

(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  These prerequisites "ensure[] that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."  *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011).

If the Rule 23(a) requirements are satisfied, a class action may be maintained pursuant to Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Certification is appropriate under Rule 23(b)(3) if "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  *Id*. R. 23(b)(3).

The party seeking certification bears the burden of demonstrating that it meets the Rule 23(b) requirements.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 n.9 (9th Cir. 2009) (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001)).  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 10-00548 DMG (ANx) | Date | November 28, 2011 |
|---|---|---|---|

| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 3 of 9 |
|---|---|---|---|

Rule 23 analysis must be rigorous to ensure that its prerequisites have been satisfied, and such analysis will often require looking beyond the pleadings to issues overlapping with the merits of the underlying claims. *Dukes*, 131 S.Ct. at 2551-52.

IV.
DISCUSSION

A.   The **Rule 23(a) Factors**

Plaintiff seeks to certify the following class:

(i) all persons with mailing addresses in the State of California (ii) to whom letters in the form of [Plaintiff's letter] were sent or caused to be sent by Defendant (iii) in an attempt to collect a debt arising out of a transaction primarily for personal, family, or household purposes (iv) allegedly due American Express (v) sent during the one year prior to the filing of this action, *i.e.*—January 26, 2009 through January 26, 2010 (vi) which letters were not returned undelivered by the United States Postal Service.

(Mot. at 2.)

The only Rule 23(a) factor challenged by Defendant is numerosity. Plaintiff claims that there are 29 potential class members in a class limited to California residents, or alternatively, 44 potential class members when including potential class members from other states. Defendant argues that there are actually 12 class members, and that the proposed class does not meet other requirements of numerosity.

A putative class may be certified only if it "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (quoting *Adver. Specialty Nat'l Ass'n v. FTC*, 238 F.2d 108, 119 (1st Cir. 1956)). The numerosity requirement imposes no absolute limitations; rather, it "requires examination of the specific facts of each case." *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Thus, while the Supreme Court has noted that putative classes of 15 are too small to meet the numerosity requirement, *id.* at 330 & n.14, district courts in this Circuit have found that classes with as few as 39 members met the numerosity requirement, *see Quintero v. Mulberry Thai Silks, Inc.*, No. C 08-02294 MHP, 2008 WL 4666395 (N.D. Cal. 2008) ("As a general rule, classes numbering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-00548 DMG (ANx)** | Date | November 28, 2011 |
|---|---|---|---|
| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 4 of 9 |

greater than forty individuals satisfy the numerosity requirement."); *Patrick v. Marshall*, 460 F. Supp. 23, 26 (N.D. Cal. 1978); *see also Jordan v. L.A. County*, 669 F.2d 1311, 1320 (9th Cir.) (noting, in *dicta*, that the court "would be inclined to find the numerosity requirement . . . satisfied solely on the basis of [39] ascertained class members"), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982).

Relevant considerations in determining whether joinder is impractical include "the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought." *Jordan*, 669 F.2d at 1319.

### 1. The Putative Class Is Not Large

Plaintiff acknowledges that two of the letters allegedly sent by Defendant to California residents are duplicates. Another potential class member settled the debt claims against him, and having signed an agreement waiving his rights to legal action, he cannot be a class member. The number of potential California class members now stands at 26, which, on its face, does not rise to the level of presumptive validity as to numerosity. Plaintiff proposes to expand the class definition to include persons outside of California who received collection letters. Using this expanded definition, Plaintiff contends that the number of class members could be as large as 41 after accounting for the duplicate letters and the release. (*See* Reply at 3 & n.1.)

When the Ninth Circuit speculated in *Jordan* that classes of 39, 64, and 71 members would meet the numerosity requirement, it was referring to "*ascertained* class members." 669 F.2d at 1319 (emphasis added). Even including out-of-state individuals, however, it is unlikely that the putative class here actually contains 41 members. Defendant sent the collection letters both by regular United States mail and by certified mail, return receipt requested. (Bachman Decl. ¶ 8.) Of the 27 letters sent by certified mail to California residents (excluding the two duplicates), 15 were returned as "unclaimed," "refused," or otherwise undeliverable. (*Id*. ¶ 9, Ex. A.) Of the 15 certified letters sent to out-of-state residents, Defendant received return receipts for only seven, indicating that the other eight were not delivered. (Bachman Supp. Decl. ¶¶ 2-4 [Doc. # 61-1].) Although some persons whose certified letters were returned to Defendant may nonetheless have received their letters via regular mail,[2] the Court can only speculate as to the number of cases in which this occurred.

It is true, as Plaintiff points out, that "if a letter *properly directed* is proved to have been either put into the post-office or delivered to the postman, it is presumed, from the known course

---

[2] Plaintiff is apparently one such person, as his certified letter was returned to Defendant as "unclaimed." (Bachman Decl., Ex. A.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-00548 DMG (ANx)** | Date | November 28, 2011 |
|---|---|---|---|
| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 5 of 9 |

of business in the post-office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed." *Busquets-Ivars v. Ashcroft*, 333 F.3d 1008, 1010 (9th Cir. 2003) (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395, (1884)) (emphasis in *Busquets-Ivars*). Given that the certified letters were sent to the same addresses as the letters transmitted via regular mail, however, the Court cannot presume that the regular letters were properly directed in those instances where the certified letters were undeliverable. *See, e.g.*, *Johnson v. Midland Credt Mgmt. Inc.*, No. 1:05 CV 1094, 2006 WL 2473004, at *13 (N.D. Ohio Aug. 24, 2006). Thus, it is possible that as few as 12 of the 26 California letters and as few as seven of the 15 out-of-state letters reached their intended recipients, reflecting a maximum potential class size of 19 members nationwide. Regardless, whether the putative class contains 19 members, 41, or some number in between, it is not so large as to make joinder impracticable.

Plaintiff cites a string of out-of-circuit and unpublished cases that have certified classes smaller than 40. None of these cases are binding authority, and all are distinguishable. For instance, *Rannis v. Recchia*, 380 Fed. Appx. 646 (9th Cir. 2010), involved a class *de*certification motion. At the time of certification, the putative class contained 74 potential members. Although affirming the district court's decision not to decertify the class once it became apparent that the class contained only 20 members, the Ninth Circuit described the decision as a "jurisprudential rarity." *Id*. at 651 (quoting *Estate of Felts v. Genworth Life Ins. Co.*, 250 F.R.D. 512, 520 (W.D. Wash. 2008)). Moreover, the panel stressed the inefficiency that decertification would produce after the district court had already found the defendant liable on summary judgment, approved a settlement award, and notified class members. *Id*. (observing that "decertification could confuse those class members who had already been notified of the settlement award"). None of those factors exist here.

The case of *Arkansas Education Association v. Board of Education of Portland, Arkansas School District*, 446 F.2d 763 (8th Cir. 1971), has similarly extenuating circumstances. The Eighth Circuit affirmed certification of a 20-member class of African American teachers claiming salary discrimination. The Court of Appeals began by noting the extremely deferential standard of review. *See id*. at 765 ("[U]nless abuse is shown, the trial court's decision on this issue is final."). It then explained that the unique circumstances in that case—"teachers who remain in the school system could have a natural fear or reluctance to bring this action on an individual basis." *Id*.

Likewise, in *Cypress v. Newport News General & Nonsectarian Hospital Association*, 375 F.2d 648 (4th Cir. 1967), the Fourth Circuit affirmed certification of an 18-member class of African American physicians who asserted that a local hospital discriminated against them. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-00548 DMG (ANx) | Date | November 28, 2011 |
| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 6 of 9 |

court acknowledged the physicians' potential "fear of possible reprisals should they seek to attain their rights." Furthermore, it noted that "[t]he class might also be said to include those [African American] physicians who are not now members of the community because of the discriminatory practices of hospitals there." *Id.* at 653 n.9. The instant case involves no such fear of reprisals from individual suits and there is no possibility that the class is potentially larger than already identified.

It is easy to cherry-pick cases either supporting or opposing a finding of numerosity. Decisions abound that support, at least superficially, both outcomes. *See Hum v. Dericks*, 162 F.R.D. 628, 634 (D. Hawaii 1995) ("Courts have certified classes with as few as thirteen members, and have denied certification of classes with over three hundred members."). Ultimately, applying the considerations set forth in *Jordan* to the specific facts of this case, the Court is not persuaded that the putative class is so numerous as to satisfy Rule 23(a)(1).

### 2. The Putative Class Is Not Geographically Diverse

Geographical diversity is not an overwhelming barrier to joinder as the majority of potential class members reside in California. In addition, all but one of the potential out-of-state class members live in nearby Nevada. The geographic concentration of putative class members further indicates that joinder is practicable.

### 3. The Putative Class Need Not Bring Separate Suits

While the individual claimants in this case would likely not institute separate suits because of the small potential recovery under the FDCPA, this is of little importance because their identities and addresses are fully known to Plaintiff's counsel. Thus, aside from a potential claimant's aversion to litigation, nothing stands in the way of joining the putative class members as plaintiffs in this action.

### 4. The Relief Sought Is Primarily Monetary In Nature

Where injunctive relief is sought, particularly in situations involving a small number of known class members but a potentially large number of unknown or future class members, certification may be appropriate. *See Jordan*, 669 F.2d at 1319 n.9 (citing *Afro Am. Patrolmen's League v. Duck*, 366 F. Supp. 1095 (N.D. Ohio 1973)). Although Plaintiff purports to seek declaratory relief, any such relief is duplicative of his claims for damages.[3]

---

[3] It is doubtful that declaratory relief is even available in FDCPA cases. The statutory provision for remedies, 15 U.S.C. § 1692k, does not mention the availability of declaratory or injunctive relief. Several courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-00548 DMG (ANx)** | Date | November 28, 2011 |
|---|---|---|---|
| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 7 of 9 |

Declaratory relief is prospective in nature. *See Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) (*per curiam*). It should be denied where an adequate remedy exists under another cause of action. *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) (citation omitted); *see also United States v. Washington*, 759 F.2d 1353, 1356 (9th Cir. 1985) (*en banc*) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." (citations omitted)).

Plaintiff purports to seek declaratory relief regarding the collection letters. As Defendant has already modified his form letter to eliminate the language at issue in this suit (Bachman Decl. ¶ 7), declaratory relief would be solely retrospective and therefore inappropriate. In addition, despite using the words "declaratory judgment," Plaintiff is really asking the Court to find Defendant liable on Plaintiff's FDCPA claim by declaring that "Defendant's practice of sending a letter in the form of [Plaintiff's letter] . . . violate[s] the FDCPA." (Reply [Doc. # 58] at 8 (emphasis omitted).) Because Plaintiff's request for declaratory relief is retrospective and would not produce a remedy distinct from a finding that Defendant violated the FDCPA, it does not make joinder impracticable.

In sum, having considered the evidence, the Court finds that the proposed class does not satisfy the numerosity requirement. As Plaintiff has failed to show numerosity, Plaintiff has not met the requirements for class certification under Rule 23(a) and the Court need not address the remaining Rule 23(a) prerequisites.

B.      **Declaratory Or Injunctive Relief Under Rule 23(b)(2)**

Plaintiff seeks class certification under Rule 23(b)(2) or (b)(3). Class certification under Rule 23(b)(2) is possible only when claims for declaratory or injunctive relief predominate over other types of relief such as monetary damages. Rule 23(b)(2) certification is available for monetary relief, if at all, only when such relief is incidental to the injunctive or declaratory relief. *Dukes*, 131 S.Ct. at 2557-59.

---

have held that declaratory relief is unavailable in private actions under the FDCPA. *See Weiss v. Regal Collections*, 385 F.3d 337, 341 (3d Cir. 2004); *Durham v. Cont'l Cent. Credit*, No. 07cv1763 BTM(WMc), 2010 WL 2776088, at *8 (S.D. Cal. July 14, 2010); *see also Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000) ("[A]ll private actions under the [FDCPA] are for damages."); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) ("[E]quitable relief is not available to an individual under the civil liability section of the [FDCPA].").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 10-00548 DMG (ANx) | Date | November 28, 2011 |
|---|---|---|---|
| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 8 of 9 |

In light of the discussion *supra*, Plaintiff is not primarily seeking declaratory or injunctive relief. The Court therefore finds that the putative class cannot be certified pursuant to Rule 23(b)(2).

C. **Superiority Under Rule 23(b)(3)**

Plaintiff contends that a class action is the superior method of deciding this case because each individual claim is small, making it unlikely that potential class members would institute suits on their own. He also argues that class actions are the superior method of adjudicating standardized collection letters. Defendant's rejoinder is that the small class size does not make class actions a more efficient litigation choice and that the FDCPA's statutory damage cap reduces potential recovery in a class action.

The requirement, under Rule 23(b)(3), that a class action would be the superior procedure for deciding a case, "necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998). The class action must be superior to any other methods of resolving the case. Fed. R. Civ. P. 23(b)(3).

In both individual and class actions, the FDCPA provides for recovery of actual damages. 15 U.S.C. § 1692k(a)(1). For actions brought by an individual, the FDCPA permits an award of up to $1,000 in "additional damages as the court may allow." *Id*. § 1692k(a)(2)(A). In class actions, the FDCPA provides for additional damages as follows: Named plaintiffs may receive additional damages as the court may allow, not to exceed $1,000. All other class members may collectively receive "such amount as the court may allow . . . without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." *Id*. § 1692k(a)(2)(B).

Given the small class size at issue here, the potential recovery by the putative class is not likely to be greater if putative class members proceed individually than if they proceed as a class. On the facts presented, the potential damages are neutral as to the superiority of a class action.

Plaintiff has not persuaded the Court, however, that a class action is a superior method to joinder under the circumstances of this case. The putative class size in this case is small. Most class actions, particularly in the FDCPA context, concern hundreds, if not thousands, of potential class members. *See Thomasson v. GC Servs. Ltd. P'ship*, 275 F.R.D. 309, 314 (S.D. Cal. 2011) (involving 412 potential class members); *del Campo v. Am. Corrective Counseling Servs., Inc.*, 254 F.R.D. 585, 592 (N.D. Cal. 2008) (more than 600,000 potential class members); *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 510 (N.D. Cal. 2007) (between 43,000 and 67,000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 10-00548 DMG (ANx) | Date | November 28, 2011 |
|---|---|---|---|
| Title | *Gene Martignetti v. Robert L. Bachman* | Page | 9 of 9 |

potential class members). Some seek to enjoin future conduct, which is not the case here. *See, e.g.*, *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 594 (E.D. Cal. 1999). Even if there is little incentive to bring individual suits, Plaintiff offers no evidence as to why joinder would be impractical or any less efficient in a case with so few potential class members. In seeking certification under Rule 23(b)(3), Plaintiff would have to provide class members with the heightened notice requirements under Rule 23(c)(2)(B). For so small a class, Plaintiff could simply contact the affected persons and, if they wish to pursue these claims, join them directly in the instant action.

Accordingly, the Court finds that Plaintiff has not met his burden in showing that a class action would be the superior method of trying this case.

**D.**     **Hybrid Class Action**

As Plaintiff has not demonstrated that Rule 23(b)(2) or (b)(3) is a basis for certification, he cannot certify a class under a combination of these two subsections.

**V.
CONCLUSION**

In light of the foregoing, Plaintiff's motion for class certification is **DENIED**.

**IT IS SO ORDERED.**