UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES -- GENERAL

Case No. CV10-548-DMG (ANx)            Dated: December 21, 2011

Title: Gene Martignetti v. Robert L. Bachman
=====================================================================
PRESENT: **Hon. Arthur Nakazato, United States Magistrate Judge**

(In Chambers - No Appearances)

Stephen Ybarra            None
Deputy Clerk            Court Reporter

**Proceedings:**    Settlement Conference Order

    IT IS ORDERED that the parties shall appear for a settlement conference on **March 8, 2012 at 1:30 P.M.** before Magistrate Judge Arthur Nakazato in Courtroom 6B of the Ronald Reagan Federal Building and U.S. Courthouse located at 411 W. Fourth Street, Santa Ana, CA.

**IT IS FURTHER ORDERED THAT:**

1.    <u>Personal Appearances Required</u>: All parties, or agents of parties whose consent is necessary to enter into a full and final binding settlement agreement shall be present in person at the settlement conference. A corporation or government agency must personally attend by way of an officer or duly authorized representative delegated with the **sole discretion** to negotiate and enter into a binding, irrevocable settlement agreement on behalf of said party <u>without having to obtain authorization from any other corporate officer regarding the amount of the settlement or any other settlement term.</u>

2.    <u>Pre-Conference Settlement Negotiations</u>: Unless otherwise excused by the Court, the parties must complete two full rounds of **good-faith** settlement demands and offers. Good-faith refers to a compromise position. Consequently, an initial demand by the plaintiff that reflects what a plaintiff hopes to achieve by way of trial judgment does not constitute a good-faith demand. Likewise a counter-offer that is less than a reasonable estimate for the costs of making what is reasonably likely to be a successful summary judgment motion will generally not constitute a good-faith counter-offer. The demands and offers shall be performed in the following time and manner: Within five (5) days from the date of this Order, plaintiff shall fax or hand-deliver a written **good-faith** settlement demand to defendants. Within three (3) days after delivery of the settlement demand, defendants shall fax, email, or hand-deliver a written response to plaintiff that either accepts or rejects the demand with a **good-faith** counter-offer. Within three (3) days of receiving the counter-offer, Plaintiff must then fax,

email, or hand-deliver a reply to defendants that accepts or rejects the counter-offer with a good-faith reply-demand, and defendants shall then have one (1) day to either accept or reject the reply-demand with a **good-faith** reply-counter-offer.  All written exchanges must include a brief explanation that shows why the party making the demand or offer believes his, her, or its proposal is a good-faith compromise position.

3. <u>Confidential Settlement Statement</u>:  If the parties are unable to reach a settlement agreement on their own after completing two full rounds of pre-conference settlement negotiations, each party shall submit a Confidential Settlement Statement ("CSS") **no later than 4:00 p.m. on the Friday immediately preceding the date of the settlement conference.**  The CSS must be delivered to Mr. Stephen Ybarra, Courtroom Deputy Clerk for Magistrate Judge Nakazato, Ronald Reagan Federal Building and U.S. Courthouse, Suite 1053.  The CSS shall be in letter form, shall not exceed five (5) pages in length, and shall be submitted in a sealed envelope bearing the case title and number and clearly marked **"CONFIDENTIAL"** on the front.  The CSS will be lodged for the purposes of the settlement conference only and it must contain the following information:

    **(a)** a summary of the factual background of the case;
    **(b)** a summary of the important legal and factual issues presented by the case, and the submitting party's position on each issue;
    **(c)** a description of the damages or other relief sought by or against the submitting party;
    **(d)** a summary of the settlement negotiations made pursuant to paragraph 2 of this Order, which includes dates and nature of offers of compromise made by the respective parties;
    **(e)** the dates of the pre-trial conference and trial, the estimated length of trial, and whether a jury or bench trial is contemplated;
    **(f)** counsel's candid assessment of his or her client's bottom line with respect to settlement and whether counsel believes the Court should proceed with the settlement conference because counsel believes doing so would likely result in a settlement agreement or, alternatively, that the Court should vacate the settlement conference because settlement is unlikely; and
    **(g)** any other relevant circumstances that counsel believe will assist the Court in conducting a successful settlement conference.

4. In order to have a meaningful settlement conference, all parties must comply with the terms of this Order.  The failure to comply may result in the settlement conference being removed from the Court's calendar and sanctions may also be imposed against any party or counsel who fails to fully cooperate and completely comply with the terms of this Order.

cc:   JUDGE GEE
      All Parties                                                                Initials of Deputy Clerk <u>dv for shy</u>